## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**JASON WEBB,**

       **Plaintiff,**

**v.**                                **CIVIL ACTION NO.  2:19-CV-00447**

**STEVEN L. PAINE, State Superintendent**
**of Schools, in his individual capacity and official**
**capacity; and JAN BARTH, Assistant State**
**Superintendent of Schools, in her individual**
**capacity and official capacity,**

       **Defendants.**

## ANSWER OF DEFENDANT STEVEN L. PAINE
## TO PLAINTIFF'S COMPLAINT

**COMES NOW** Defendant Steven L. Paine by and through his counsel, Jan L. Fox, Mark

C. Dean, and the law firm of Steptoe & Johnson PLLC, and responds to Plaintiff's Complaint as

follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

In specific response to the allegations contained in the Complaint, this Defendant states

as follows:

### Introduction

1.      Paragraph 1 of the Complaint is a statement of Plaintiff's case to which no

response is required.  To the extent a response is deemed necessary, Defendant Paine denies the

allegations contained in Paragraph 1 of the Plaintiff's Complaint and demands strict proof

thereof.

1

2.      With regard to the specific allegations contained in Paragraph 2 of the Complaint, Defendant Paine admits that several times in 2018 and 2019 he did call ACT officials and did speak with the CEO. Defendant Paine denies the remainder of the allegations contained in Paragraph 2 of the Plaintiff's Complaint.

3.      Paragraph 3 of the Complaint constitutes a legal conclusion to which no response is required.   To the extent a response is deemed necessary, Defendant Paine denies the allegations contained in Paragraph 3 of the Plaintiff's Complaint and demands strict proof thereof.

4.      Paragraph 4 of the Complaint is a statement of Plaintiff's case to which no response is required. To the extent a response is deemed necessary, Defendant Paine denies the allegations contained in Paragraph 4 of the Complaint and demands strict proof thereof.

**Parties**

5.      Upon information and belief, Defendant Paine admits the allegations contained in Paragraph 5 of the Complaint.

6.      Defendant Paine denies the allegations contained in Paragraph 6 of the Complaint, but admits that he was hired March 23, 2017 as the state Superintendent of Schools and started work March 27, 2017.

7.      Defendant Paine denies the allegations contained in Paragraph 7 of the Complaint, but admits that Defendant Barth assumed the position of Assistant Superintendent in the Division of Teaching & Learning on July 1, 2018.

**Jurisdiction and Venue**

8.      Paragraph 8 of the Complaint sets forth Plaintiff's jurisdictional allegations, which constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant Paine admits that jurisdiction is proper in this Court.

9. Paragraph 9 of the Complaint sets forth Plaintiff's jurisdictional allegations, which constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant Paine admits that venue is proper in this Court.

### Facts

10. Upon information and belief, Defendant Paine admits the allegations contained in Paragraph 10 of the Complaint.

11. Defendant Paine denies the allegations contained in Paragraph 11 of the Complaint, but admits that the ACT is a college entrance exam taken by some West Virginia students.

12. Defendant Paine denies the allegations contained in Paragraph 12 of the Complaint.

13. Upon information and belief, Defendant Paine admits the allegations contained in Paragraph 13 of the Complaint.

14. Defendant Paine denies the allegations contained in Paragraph 14 of the Complaint, but admits that the SAT is a college entrance exam administered by the College Board.

15. Defendant Paine denies the allegations contained in Paragraph 15 of the Complaint, but admits that the ACT and SAT are both standardized college entrance exams.

16. Defendant Paine denies the allegations contained in Paragraph 16 of the Complaint, but admits that "ACT Aspire" is a standardized exam product. Defendant Paine further admits that ACT submitted a bid for the ACT Aspire to be used statewide as West Virginia's standardized exam for grades three through eight, but the bid was not chosen.

3

17.     Defendant Paine denies the allegations contained in Paragraph 17 of the Complaint, but admits that membership makeup of the West Virginia Board of Education changed multiple times between January 2017 and November 2017.

18.     Defendant Paine admits that minutes of the February 16, 2017 meeting of the West Virginia Board of Education are public record and speak for themselves.

19.     Defendant Paine is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of the Complaint as he was not hired by WVDE and did not begin working until March 27, 2017, but admits that introduced bills and committee substitutes therefor are typically archived as public record and speak for themselves.

20.     Upon information and belief, Defendant Paine admits the allegations contained in Paragraph 20 of the Plaintiff's Complaint.

21.     Defendant Paine is without sufficient information to either admit or deny the allegations contained in Paragraph 21 of the Plaintiff's Complaint.

22.      With regard to the allegations contained in Paragraph 22 of the Plaintiff's Complaint, Defendant Paine admits that he was hired as state Superintendent of Schools on March 23, 2017 and started work March 27, 2017.

23.     Defendant Paine denies the allegations contained in Paragraph 23 of the Plaintiff's Complaint but admits that EOS allows ACT to share and sell scores and information with colleges or universities, scholarships, and the military.

24.     Defendant Paine is without sufficient information to either admit or deny the allegations contained in Paragraph 24 of the Plaintiff's Complaint.

25.     Defendant Paine denies the allegations contained in Paragraph 25 of the Plaintiff's Complaint but admits that the Department requested that S.B. 656 be vetoed by the Governor.  Defendant Paine is not familiar with the Plaintiff's state of mind at the time.

4

26.     Defendant Paine is without sufficient information to either admit or deny the allegations contained in Paragraph 26 of the Plaintiff's Complaint.

27.     Defendant Paine is without sufficient information to either admit or deny the allegations contained in Paragraph 27 of the Plaintiff's Complaint.

28.     Defendant Paine denies the allegations contained in Paragraph 28 of the Plaintiff's Complaint.

29.     Defendant Paine denies the allegations contained in Paragraph 29 of the Plaintiff's Complaint.

30.      Defendant Paine is without sufficient information to either admit or deny the allegations contained in Paragraph 30 of the Plaintiff's Complaint, and therefore denies the same and demands strict proof thereof.

31.     Defendant Paine is without sufficient information to either admit or deny the allegations contained in Paragraph 31 of the Plaintiff's Complaint.

32.      Defendant Paine denies the allegations contained in Paragraph 32 of the Plaintiff's Complaint.

33.     Defendant Paine denies the allegations contained in Paragraph 33 of the Plaintiff's Complaint.

34.     Defendant Paine denies the allegations contained in Paragraph 34 of the Plaintiff's Complaint.

35.     Defendant Paine is without sufficient information to either admit or deny the allegations contained in Paragraph 35 of the Plaintiff's Complaint.

36.     Defendant Paine is without sufficient information to either admit or deny the allegations contained in Paragraph 36 of the Plaintiff's Complaint.

37.     Defendant Paine is without sufficient information to either admit or deny the allegations contained in Paragraph 37 of the Plaintiff's Complaint.

38.     Defendant Paine is without sufficient information to either admit or deny the allegations contained in Paragraph 38 of the Plaintiff's Complaint.

39.     Defendant Paine admits the allegations contained in Paragraph 39 of the Plaintiff's Complaint.

40.     Defendant Paine is without sufficient information to either admit or deny the allegations contained in Paragraph 40 of the Plaintiff's Complaint.

41.     Defendant Paine admits that the House of Delegates passed H.B. 2711 on or about March 28, 2017, and that the text of the bills (including Committee Substitutes) are public record and speak for themselves.

42.     Defendant Paine denies the allegations contained in Paragraph 42 of the Plaintiff's Complaint but admits that he met with a representative of ACT as well as all testing companies that may consider bidding on the soon-to-be released Request for Proposal ("RFP") and to answer any questions any company may have before they submitted bids to provide the new assessments in West Virginia.

43.     Defendant Paine admits that the agenda and minutes of Legislative Committees are typically archived as public record and speak for themselves.

44.     Defendant Paine is without sufficient information to either admit or deny the allegations contained in Paragraph 44 of the Plaintiff's Complaint.

45.     Defendant Paine is without sufficient information to either admit or deny the allegations contained in Paragraph 45 of the Plaintiff's Complaint.

46.     Defendant Paine is without sufficient information to either admit or deny the allegations contained in Paragraph 46 of the Plaintiff's Complaint.

47.     Defendant Paine denies the allegations contained in Paragraph 47 of the Plaintiff's Complaint.

48.     Defendant Paine is without sufficient information to either admit or deny the allegations contained in Paragraph 48 of the Plaintiff's Complaint.

49.     Defendant Paine admits that the agenda and minutes of Legislative Committees are typically archived as public record and speak for themselves.

50.     Upon information and belief, Defendant Paine denies the allegations contained in Paragraph 50 of the Plaintiff's Complaint.

51.     Upon information and belief, Defendant Paine admits the allegations contained in Paragraph 51 of the Plaintiff's Complaint.

52.     Defendant Paine denies the allegations contained in Paragraph 52 of the Plaintiff's Complaint.

53.     Defendant Paine admits the allegations contained in Paragraph 53 of the Plaintiff's Complaint.

54.     Defendant Paine admits that the RFPs' are public record and speak for themselves.

55.     Defendant Paine admits the allegations contained in Paragraph 55 of the Plaintiff's Complaint.

56.     Defendant Paine admits the allegations contained in Paragraph 56 of the Plaintiff's Complaint insofar as it regards the RFP for the 11th grade test.  Defendant Paine denies the remainder of the allegations contained in Paragraph 56 of the Plaintiff's Complaint.

57.     Defendant Paine admits the allegations contained in Paragraph 57 of the Plaintiff's Complaint insofar as it regards the 11th grade test.  Defendant Paine denies the remainder of the allegations contained in Paragraph 57 of the Plaintiff's Complaint.

58.     Defendant Paine denies the allegations contained in Paragraph 58 of the Plaintiff's Complaint.

59.     Defendant Paine denies the allegations contained in Paragraph 59 of the Plaintiff's Complaint.

60.     Defendant Paine is without sufficient information to either admit or deny the allegations contained in Paragraph 60 of the Plaintiff's Complaint.

61.     Defendant Paine denies the allegations contained in Paragraph 61 of the Plaintiff's Complaint but admits that on July 20, 2017, ACT Aspire team followed procedures and made its formal presentation to the Department as a part of the RFP process.

62.     Defendant Paine admits the allegations contained in Paragraph 62 of the Plaintiff's Complaint.

63.     Defendant Paine denies the allegations contained in Paragraph 63 of the Plaintiff's Complaint, but admits that he along with representatives of the Department, called all bidders to provide general descriptive information as to how their respective bids fell short.

64.     Defendant Paine admits that minutes and recordings of Senate Legislative Committee Meetings are public record and speak for themselves.  Defendant Paine admits that in the past he has called ACT National Lobbyist Scott Frien.  Defendant Paine is without specific recollection to either admit or deny the remainder of the allegations contained in Paragraph 64 of the Plaintiff's Complaint and demands strict proof thereof.

65.     Defendant Paine admits the allegations contained in Paragraph 65 of the Plaintiff's Complaint.

66.     Defendant Paine denies the allegations contained in Paragraph 66 of the Plaintiff's Complaint but admits that the RFP was reissued in August, 2017 and by September,

2017, American Institute of Research ("AIR") was selected as the winner for statewide assessment for grades three through eight.

67.     Defendant Paine admits that RFP results and minutes of Legislative Committee meetings are public records and speak for themselves.

68.     Defendant Paine denies the allegations contained in Paragraph 68 of the Plaintiff's Complaint but admits that ACT was initially awarded 23 points on its RFP submission.   Defendant Paine further admits that ACT lodged a formal protest and the Department re-examined ACT's RFP submission and restored 15 points to ACT giving it a total of 38 points for its bid.   Defendant Paine further admits that the College Board which administers the SAT was awarded the contract for the eleventh grade statewide assessment.

69.     Defendant Paine denies the allegations contained in Paragraph 69 of the Plaintiff's Complaint.

70.      Defendant Paine is without sufficient information to either admit or deny the allegations contained in Paragraph 70 of the Plaintiff's Complaint.

71.     Defendant Paine is without sufficient information to either admit or deny the allegations contained in Paragraph 71 of the Plaintiff's Complaint.

72.     Defendant Paine is without sufficient information to admit or deny the allegations contained in Paragraph 72 of the Plaintiff's Complaint.   Defendant admits to making a call to Plaintiff Webb with attorney Sarah Stewart present but doesn't recall the substance of that conversation other than to provide Plaintiff Webb with condolence for the loss of a loved one.

73.      Defendant Paine is without sufficient information to either admit or deny the allegations contained in Paragraph 73 of the Plaintiff's Complaint.

74.     Defendant Paine is without sufficient information to either admit or deny the allegations contained in Paragraph 74 of the Plaintiff's Complaint.

75.     Defendant Paine is without sufficient information to either admit or deny the allegations contained in Paragraph 75 of the Plaintiff's Complaint.

76.     Defendant Paine is without sufficient information to either admit or deny the allegations contained in Paragraph 76 of the Plaintiff's Complaint.

77.     Defendant Paine is without sufficient information to either admit or deny the allegations contained in Paragraph 77 of the Plaintiff's Complaint.

78.     Defendant Paine denies the allegations contained in Paragraph 78 of Plaintiff's Complaint but admits that he has contacted the National Lobbyist (of ACT) but is without sufficient information to state whether that occurred "in the Fall of 2017."

79.     Defendant Paine is without sufficient information to either admit or deny the allegations contained in Paragraph 79 of the Plaintiff's Complaint.

80.     Defendant Paine denies the allegations contained in Paragraph 80 of the Plaintiff's Complaint, but admits that he has called Scott Montgomery.  However, Defendant Paine is without sufficient information to either admit or deny when that occurred.

81.     Defendant Paine admits that he has called Scott Montgomery the Vice President for Programs for ACT on several occasions.  Defendant Paine is without sufficient information to admit or deny the remainder of the allegations contained in Paragraph 81 of the Plaintiff's Complaint but avers that he met with Mr. Montgomery on February 13, 2017 to discuss applying to the United States Department of Education to give local districts (counties) the option to choose standardized testing products other than SAT.

82.     Defendant Paine is without sufficient information to either admit or deny the allegations contained in Paragraph 82 of the Plaintiff's Complaint.

83.     Defendant Paine denies the allegations contained in Paragraph 83 of the Plaintiff's Complaint but admits that the Department did draft a statement for Senator Mann to read from the floor.

84.     Defendant Paine denies the allegations contained in Paragraph 84 of the Plaintiff's Complaint.

85.     Defendant Paine denies the allegations contained in Paragraph 85 of the Plaintiff's Complaint, but admits that in December 2018, Paine and Defendant Barth called the Senior VP for Programs at ACT and shared concerns that a tweet by Webb was creating misinformation.

86.     Defendant Paine is without sufficient information to either admit or deny the allegations contained in Paragraph 86 of the Plaintiff's Complaint.

87.     Defendant Paine is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 87 of the Complaint, and therefore denies the same and demands strict proof thereof.  Defendant Paine specifically denies any allegations or implication that the December 2018 call in which he and Defendant Barth were involved was "menacing."

88.     Defendant Paine is without sufficient information to either admit or deny the allegations contained in Paragraph 88 of the Plaintiff's Complaint.

89.     Defendant Paine is without sufficient information to either admit or deny the allegations contained in Paragraph 89 of the Plaintiff's Complaint.

90.     Defendant Paine is without sufficient information to either admit or deny the allegations contained in Paragraph 90 of the Plaintiff's Complaint.  Defendant Paine specifically denies any allegation or implication that the December 2018 call in which he had and Defendant Barth were involved was "threatening."

91.     Defendant Paine is without sufficient information to either admit or deny the allegations contained in Paragraph 91 of the Plaintiff's Complaint.

92.     Defendant Paine denies the allegations contained in Paragraph 92 of the Plaintiff's Complaint, but admits that on or about February 6, 2019, he and Defendant Barth spoke with the Senior VP for Programs for ACT and objected to the Plaintiff's lobbying tactics, including his activities on Twitter.

93.     Defendant Paine is without sufficient information to either admit or deny the allegations contained in Paragraph 93 of the Plaintiff's Complaint.

94.     Defendant Paine is without sufficient information to either admit or deny the allegations contained in Paragraph 94 of the Plaintiff's Complaint.

95.     Defendant Paine is without sufficient information to either admit or deny the allegations contained in Paragraph 95 of the Plaintiff's Complaint.

96.     Defendant Paine is without sufficient information to either admit or deny the allegations contained in Paragraph 96 of the Plaintiff's Complaint.  Defendant Paine specifically denies any allegations or inference that any call to the Senior VP for Programs and ACT on or about February 6, 2019 in which he was involved was "threatening."

97.     Defendant Paine is without sufficient information to either admit or deny the allegations contained in Paragraph 97 of the Plaintiff's Complaint.

98.     Defendant Paine denies the allegations contained in Paragraph 98 of the Plaintiff's Complaint but admits he called Scott Montgomery the Senior VP of Programs at ACT to advise him that he was going to call the CEO of ACT.  Defendant Paine admits that his secretary placed a call to the secretary of the CEO of ACT who scheduled a telephone call between the CEO and Defendant Paine for March 5, 2019.

99.     Defendant Paine denies the allegations contained in Paragraph 99 of the Plaintiff's Complaint but admits that a telephone call occurred on March 5, 2019 between the CEO of ACT, Defendant Paine and Department Attorneys Hutchens and Stewart.

100.    Defendant Paine denies the allegations contained in Paragraph 100 of the Plaintiff's Complaint but admits that the CEO responded to Defendant Paine that if Webb had done something wrong, then Defendant Paine should file a Complaint with the West Virginia Ethics Commission.

101.    Upon information and belief, Defendant Paine denies the allegations contained in Paragraph 101 of the Plaintiff's Complaint.

102.    Defendant Paine denies the allegations contained in Paragraph 102 of the Plaintiff's Complaint but admits that at some time he did approach Plaintiff Webb to ask for an opportunity to meet with him.  Defendant Paine is without sufficient information to either admit or deny whether that date was March 9, 2019.

103.    Defendant Paine denies the allegations contained in Paragraph 103 of the Plaintiff's Complaint.

104.    Defendant Paine is without sufficient information to either admit or deny the allegations contained in Paragraph 104 of Plaintiff's Complaint.

105.    Defendant Paine denies the allegations contained in Paragraph 105 of the Plaintiff's Complaint but admits that the Department requested that the Bill be vetoed by the Governor for those reasons set forth in the veto abstract and the Governor did veto the bill.

## Count I – Section 1983 Retaliation

106.    Defendant Paine reasserts and incorporates by reference his responses to Paragraph 1 through 105 of the Plaintiff's Complaint.

13

107.    Paragraph 107 of the Plaintiff's Complaint consists of a purported quotation from U.S. Const. amend. I., which speaks for itself and to which no response is required.  To the extent a response is necessary, Defendant Paine denies any allegation or implication of wrongdoing or illegality.

108.    Paragraph 108 of the Complaint consists of purported quotations from Fourth Circuit cases, which speak for themselves and to which no response is required.  To the extent a response is necessary Defendant Paine denies any allegation or implication of wrongdoing or illegality.

109.    Paragraph 109 of the Complaint consists of a legal conclusion to which no response is required.  To the extent a response is necessary, Defendant Paine denies any allegation or implication of wrongdoing or illegality.

110.    Paragraph 110 of the Complaint consists of a purported quotation from 28 U.S.C. 1983, which speaks for itself and to which no response is required.  To the extent a response is necessary, Defendant Paine denies any allegation or implication of wrongdoing or illegality.

111.    Paragraph 111 of the Complaint consists of a legal conclusion to which no response is required.  To the extent a response is necessary, Defendant Paine denies any allegation or implication of wrongdoing or illegality.

112.    Paragraph 112 of the Complaint consists of a legal conclusion to which no response is required.  To the extent a response is necessary, Defendant Paine denies the allegations contained in Paragraph 112 of the Complaint.

113.    Defendant Paine denies the allegations contained in Paragraph 113 of the Plaintiff's Complaint.

114.    Defendant Paine denies the allegations contained in Paragraph 114 of the Plaintiff's Complaint.

115.    Defendant Paine denies the allegations contained in Paragraph 115 of the Plaintiff's Complaint.

116.    Defendant Paine denies the allegations contained in Paragraph 116 of the Plaintiff's Complaint.

117.    Defendant Paine denies the allegations contained in Paragraph 117 of the Plaintiff's Complaint.

118.    Defendant Paine denies the allegations contained in Paragraph 118 of the Plaintiff's Complaint.

119.    Paragraph 119 of the Complaint consists of a legal conclusion to which no response is required.   To the extent a response is necessary, Defendant Paine denies the allegations contained in Paragraph 119 of the Complaint.

## Count II – Tortious Interference

120.    Defendant Paine reasserts and hereby incorporates by reference his responses to Paragraph 1 through 119 of the Plaintiff's Complaint.

121.    Paragraph 121 of the Complaint consists of a purported quotation from a U.S District Court for the Northern District of West Virginia case, which speaks for itself and to which no response is required.   To the extent a response is necessary, Defendant Paine denies any allegation or implication of wrongdoing or illegality.

122.    Paragraph 122 of the Complaint consists of a purported quotation from the Restatement (Second) of Torts, as well as purported summations of cases from the Supreme Court of Appeals of West Virginia and U.S District Court for the Northern District of West Virginia, all of which speak for themselves and to which no response is required.   To the extent a response is necessary, Defendant Paine denies any allegation or implication of wrongdoing or illegality.

15

123.    Paragraph 123 of the Complaint consists of a purported quotation from the Restatement (Second) of Torts, which speaks for itself and to which no response is required.  To the extent a response is necessary, Defendant Paine denies any allegation or implication of wrongdoing or illegality.

124.    Paragraph 124 of the Complaint consists of a purported quotation from the Restatement (Second) of Torts, which speaks for itself and to which no response is required.  To the extent a response is necessary, Defendant Paine denies any allegation or implication of wrongdoing or illegality.

125.    Paragraph 125 of the Complaint consists of a purported quotation from the Restatement (Second) of Torts, which speaks for itself and to which no response is required.  To the extent a response is necessary, Defendant Paine denies any allegation or implication of wrongdoing or illegality.

126.    Paragraph 126 of the Complaint consists of a legal conclusion to which no response is required.  To the extent a response is necessary, Defendant Paine denies any allegation or implication of wrongdoing or illegality.

127.    Defendant Paine is without sufficient information to either admit or deny the allegations contained in Paragraph 127 of the Plaintiff's Complaint.

128.    Defendant Paine denies the allegations contained in Paragraph 128 of the Plaintiff's Complaint.

129.    Defendant Paine denies the allegations contained in Paragraph 129 of the Plaintiff's Complaint.

## **Count III – Civil Conspiracy**

130.     Paragraph 130 of the Plaintiff's Complaint consists of a legal conclusion to which no response is required.  To the extent a response is necessary, Defendant Paine denies any allegation or implication of wrongdoing or illegality.

131.     Paragraph 131 of the Complaint consists of purported quotations from a Supreme Court of Appeals of West Virginia case, which speaks for itself and to which no response is required.  To the extent a response is necessary, Defendant Paine denies any allegation or implication of wrongdoing or illegality.

132.     Paragraph 132 of the Complaint consists of purported quotations from a Supreme Court of Appeals of West Virginia case, which speaks for itself and to which no response is required.  To the extent a response is necessary, Defendant Paine denies any allegation or implication of wrongdoing or illegality.

133.     Defendant Paine denies the allegations contained in Paragraph 133 of the Plaintiff's Complaint.

134.     Defendant Paine denies the allegations contained in Paragraph 134 of the Plaintiff's Complaint.

135.     Defendant Paine denies the allegations contained in Paragraph 135 of the Plaintiff's Complaint.

136.     Defendant Paine denies the allegations contained in Paragraph 136 of the Plaintiff's Complaint.

137.     The remainder of Plaintiff's Complaint consists of a Prayer for Relief which requires neither admission or denial.  Defendant Paine denies any allegations or inferences of wrongdoing or illegality and denies that Plaintiff is entitled to any relief whatsoever.

138.    Defendant Paine denies each and every allegation not expressly admitted herein and denies that the Plaintiff is entitled to the relief sought in the "WHEREFORE" Paragraph at the end of his Complaint.

### THIRD DEFENSE

Plaintiff improperly relies upon the First Amendment.

### FOURTH DEFENSE

Plaintiff's state law claims are barred by *W. Va. Code* § 55-17-3.

### FIFTH DEFENSE

Defendant Paine was privileged and within the scope of his lawful authority in all actions taken by him.

### SIXTH DEFENSE

The conduct of the Plaintiff was the competent, producing cause of his injuries or damages, if any.

### SEVENTH DEFENSE

The conduct of another person or entity was the competent, producing cause of Plaintiff's injuries or damages, if any.

### EIGHTH DEFENSE

This Defendant is entitled to immunity from any award of damages because he did not cause the deprivation of any clearly established constitutional right or privilege of the Plaintiff.

### NINTH DEFENSE

This Defendant raises the affirmative defenses of privilege, immunity, qualified immunity, statute of limitation, and contributory and/or comparative fault.

**TENTH DEFENSE**

This Defendant acted reasonably and in good faith under the circumstances and is therefore immune from liability.

**ELEVENTH DEFENSE**

This Defendant was not deliberately indifferent towards Plaintiff and therefore he is immune from Plaintiff's claims.

**TWELFTH DEFENSE**

This Defendant committed no negligence which proximately caused any injury to Plaintiff.

**THIRTEENTH DEFENSE**

Plaintiff's claimed damages and/or losses are not the foreseeable result of any action, inaction, or other conduct by this Defendant.

**FOURTEENTH DEFENSE**

Plaintiff's damages, if any, are barred or reduced by reason of his failure to take reasonable steps to mitigate them.

**FIFTEENTH DEFENSE**

Plaintiff has failed to state a cause of action for which relief can be granted against this Defendant for attorney's fees and costs.

**SIXTEENTH DEFENSE**

Plaintiff has failed to state a cause of action upon which relief can be granted against Defendant Paine for punitive or exemplary damages.

**SEVENTEENTH DEFENSE**

An award of punitive damages would constitute a violation of this Defendant's rights to due process under the United States and West Virginia Constitutions.

## EIGHTEENTH DEFENSE

This Defendant incorporates by reference each and every affirmative defense available to him under federal and state constitutional, statutory, and common law including, but not limited to, any and all affirmative defenses listed Rules 8 and 12 of the *Federal Rules of Civil Procedure* and any applicable statutes, which discovery might reveal appropriate, and reserves the right to assert additional defenses as Plaintiff's claims are clarified during the course of this litigation.

## NINETEENTH DEFENSE

This Defendant reserves the right to raise and/or assert any and all additional defenses which may arise through further investigation, discovery, and/or litigation.

**WHEREFORE,** This Defendant respectfully requests that the Plaintiff's Complaint be dismissed with prejudice in all aspects; that this Defendant be awarded his fees and costs incurred in defending against same; and for any other relief deemed fair and just.

Respectfully submitted this 5th day of July, 2019.

**STEVEN L. PAINE,**

**By Counsel,**

*/s/ Jan L. Fox*
Jan L. Fox, Esq. (WVSB #1259)
Mark C. Dean, Esq. (WVSB #12017)
Chase Tower, Seventeenth Floor
707 Virginia Street, East
P.O. Box 1588
Charleston, WV 25326-1588
(304) 353-8000
(304) 353-8180 facsimile
Jan.Fox@Steptoe-Johnson.com
Mark.Dean@Steptoe-Johnson.com
*Counsel for Defendants*

STEPTOE & JOHNSON PLLC
    Of Counsel

004600.02018
8476113

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**JASON WEBB,**

        **Plaintiff,**

**v.**                                             **CIVIL ACTION NO.  2:19-CV-00447**

**STEVEN L. PAINE, State Superintendent
of Schools, in his individual capacity and official
capacity; and JAN BARTH, Assistant State
Superintendent of Schools, in her individual
capacity and official capacity,**

        **Defendants.**

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on the 5th day of July, 2019, I electronically filed the "Answer of Defendant Steven L. Paine to Plaintiff's Complaint" with the Clerk of Court using the CM/ECF system; and served via CM/ECF system, to the following:

> J. Zak Ritchie, Esq (WVSB #11705)
> Michael B. Hissam, Esq. (WVSB #11526)
> Hissam Forman Donovan Ritchie PLLC
> P.O. Box 3983
> Charleston, WV 25339
> (681) 265-3802
> (304) 982-8056 (facsimile)
> zritchie@hfdrlaw.com
> mhissam@hfdrlaw.com
> *Counsel for Plaintiff*

> */s/ Jan L. Fox*
> Jan L. Fox, Esq. (WVSB #1259)
> Mark C. Dean, Esq. (WVSB #12017)
> STEPTOE & JOHNSON PLLC
> Chase Tower, Seventeenth Floor
> P.O. Box 1588
> Charleston, WV 25326-1588
> (304) 353-8000
> (304) 353-8180 facsimile
> Jan.Fox@Steptoe-Johnson.com
> Mark.Dean@Steptoe-Johnson.com