**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

**JASON WEBB,**

        **Plaintiff,**

  **v.**                           **Civil Action No. 2:19-CV-447
(Hon. John T. Copenhaver)**

**STEVEN L. PAINE, State Superintendent of Schools,
In his individual capacity and official capacity; and
JAN BARTH, Assistant State Superintendent of Schools,
In her individual capacity and official capacity,**

        **Defendants.**

**ANSWER OF DEFENDANT JAN BARTH
TO PLAINTIFF'S COMPLAINT**

       **COMES NOW** Defendant Jan Barth, by and through her counsel, Jan L. Fox, Mark C.

Dean, and the law firm of Steptoe & Johnson, PLLC, and responds to Plaintiffs' Complaint as

follows:

**FIRST DEFENSE**

     The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

In specific response to the allegations contained in the Complaint, Defendant United states as

follows:

**Introduction**

     1.     Paragraph 1 of the Complaint is a statement of Plaintiff's case to which no

response is required.  To the extent a response is deemed necessary, Defendant Barth denies the

allegations contained in Paragraph 1 of the Complaint and demands strict proof thereof.

     2.     Paragraph 2 of the Complaint is a statement of Plaintiff's case to which no

response is required.  To the extent a response is deemed necessary, Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of the Complaint, and therefore denies same and demands strict proof thereof.

3.      Paragraph 3 of the Complaint constitutes a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant Barth denies the allegations contained in Paragraph 3 of the Complaint and demands strict proof thereof.

4.      Paragraph 4 of the Complaint is a statement of Plaintiff's case to which no response is required.  To the extent a response is deemed necessary, Defendant Barth denies the allegations contained in Paragraph 4 of the Complaint and demands strict proof thereof.

## Parties

5.      Upon information and belief, Defendant Barth admits the allegations contained in Paragraph 5 of the Complaint.

6.      Defendant Barth denies the allegations contained in Paragraph 6 of the Complaint, but admits upon information and belief that Defendant Steven L. Paine was appointed as State Superintendent of Schools in March 2017.

7.      Defendant Barth denies the allegations contained in Paragraph 7 of the Complaint, but admits that she assumed the position of Assistant Superintendent in the Division of Teaching & Learning on July 1, 2018.

## Jurisdiction and Venue

8.      Paragraph 8 of the Complaint sets forth Plaintiff's jurisdictional allegations, which constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendant Barth admits that jurisdiction is proper in this Court.

9.      Paragraph 9 of the Complaint sets forth Plaintiff's jurisdictional allegations,

which constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendant Barth admits that venue is proper in this Court.

### Facts

10.     Upon information and belief, Defendant Barth admits the allegations contained in Paragraph 10 of the Complaint.

11.     Defendant Barth denies the allegations contained in Paragraph 11 of the Complaint, but admits that the ACT is a college entrance exam taken by some West Virginia students.

12.     Defendant Barth denies the allegations contained in Paragraph 12 of the Complaint.

13.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13, but admits that the transcript of the 2017 State of the State Address is public record and speaks for itself.

14.     Defendant Barth denies the allegations contained in Paragraph 14 of the Complaint, but admits that the SAT is a college entrance exam administered by the College Board.

15.     Defendant Barth denies the allegations contained in Paragraph 15 of the Complaint, but admits that the ACT and SAT are both standardized college entrance exams.

16.     Defendant Barth denies the allegations contained in Paragraph 16 of the Complaint, but admits that "ACT Aspire" is a standardized exam product.  Defendant Barth further admits upon information and belief that ACT submitted a bid for the ACT Aspire to be used statewide as West Virginia's standardized exam for grades three through eight, but the bid was not chosen.

17.     Defendant Barth denies the allegations contained in Paragraph 17 of the Complaint, but admits upon information and belief that membership makeup of the WVBOE changed multiple times between January 2017 and November 2017.

18.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the Complaint, as she was not employed by WVDE on February 16, 2017, but admits that minutes of the February 16, 2017 meeting of the West Virginia Board of Education are public record, and speak for themselves.

19.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of the Complaint, as she was not employed by WVDE during the 2017 Legislative Session, and therefore denies same and demands strict proof thereof, but admits that introduced bills and committee substitutes therefor are typically archived as public record and speak for themselves.

20.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of the Complaint, and therefore denies same and demands strict proof thereof.

21.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of the Complaint, and therefore denies same and demands strict proof thereof.

22.     Upon information and belief, Defendant Barth admits the allegations contained in Paragraph 22 of the Complaint.

23.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 of the Complaint, as she was not employed

by WVDE during the 2017 Legislative Session, and therefore denies same and demands strict proof thereof.

24.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24 of the Complaint, as she was not employed by WVDE during the 2017 Legislative Session, and therefore denies same and demands strict proof thereof, but admits that the results of floor votes on bills are typically archived as public record and speak for themselves.

25.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 of the Complaint, as she was not employed by WVDE during the 2017 Legislative Session, nor is she familiar with Plaintiff's state of mind at the time, and therefore denies same and demands strict proof thereof.

26.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 26 of the Complaint, and therefore denies same and demands strict proof thereof.

27.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 27 of the Complaint, and therefore denies same and demands strict proof thereof.

28.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 28 of the Complaint, and therefore denies same and demands strict proof thereof.

29.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 of the Complaint, and therefore denies

same and demands strict proof thereof.

30.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 30 of the Complaint, and therefore denies same and demands strict proof thereof.

31.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 31 of the Complaint, and therefore denies same and demands strict proof thereof.

32.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 32 of the Complaint, and therefore denies same and demands strict proof thereof.

33.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 33 of the Complaint, and therefore denies same and demands strict proof thereof.

34.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 34 of the Complaint, and therefore denies same and demands strict proof thereof.

35.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 35 of the Complaint, and therefore denies same and demands strict proof thereof.

36.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 36 of the Complaint, and therefore denies same and demands strict proof thereof.

37.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 37 of the Complaint, and therefore denies same and demands strict proof thereof.

38.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 38 of the Complaint, and therefore denies same and demands strict proof thereof.

39.     Upon information and belief, Defendant Barth admits the allegations contained in Paragraph 39 of the Complaint.

40.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 40 of the Complaint, as she was not employed by WVDE during the 2017 Legislative Session, and therefore denies same and demands strict proof thereof.

41.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 41 of the Complaint, as she was not employed by WVDE during the 2017 Legislative Session, but admits upon information and belief that the House of Delegates passed H.B. 2711 on or about March 28, 2017, and that the text of bills (including committee substitutes) are public record and speak for themselves.

42.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 42 of the Complaint, and therefore denies same and demands strict proof thereof.

43.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 43 of the Complaint, as she was not employed

by WVDE during the 2017 Legislative Session, but admits that the agendas and minutes of legislative committees are typically archived as public record and speak for themselves.

44.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 44 of the Complaint, and therefore denies same and demands strict proof thereof.

45.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 45 of the Complaint, and therefore denies same and demands strict proof thereof.

46.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 46 of the Complaint, and therefore denies same and demands strict proof thereof.

47.      Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 47 of the Complaint, and therefore denies same and demands strict proof thereof.

48.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 48 of the Complaint, and therefore denies same and demands strict proof thereof.

49.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 49 of the Complaint, and therefore denies same and demands strict proof thereof, but admits that minutes of legislative committee meetings and committee substitutes for bills are typically archived as public record and speak for themselves.

8

50.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 50 of the Complaint, and therefore denies same and demands strict proof thereof.

51.     Upon information and belief, Defendant Barth admits the allegations contained in Paragraph 51 of the Complaint.

52.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 52 of the Complaint, and therefore denies same and demands strict proof thereof.

53.     Upon information and belief, Defendant Barth admits the allegations contained in Paragraph 53 of the Complaint.

54.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 54 of the Complaint, but admits that RFPs are public record and speak for themselves.

55.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 55 of the Complaint, but admits that RFPs and responses are public record and speak for themselves.

56.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 56 of the Complaint, but admits that RFPs and responses are public record and speak for themselves.

57.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 57 of the Complaint, but admits that RFPs and responses are public record and speak for themselves.

58.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 58 of the Complaint, and therefore denies same and demands strict proof thereof.

59.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 59 of the Complaint, and therefore denies same and demands strict proof thereof.

60.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 60 of the Complaint, and therefore denies same and demands strict proof thereof.

61.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 61 of the Complaint, and therefore denies same and demands strict proof thereof.

62.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 62 of the Complaint, but admits that RFPs and their results are public record and speak for themselves.

63.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 63 of the Complaint, and therefore denies same and demands strict proof thereof.

64.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 64 of the Complaint, but admits that minutes of legislative committee meetings are public record and speak for themselves.

65.     Defendant Barth is without information sufficient to form a belief as to the truth

or falsity of the allegations contained in Paragraph 65 of the Complaint, and therefore denies same and demands strict proof thereof.

66.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 66 of the Complaint, but admits that RFPs are public record and speak for themselves.

67.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 67 of the Complaint, but admits that RFP results and minutes of legislative committee meetings are public record and speak for themselves.

68.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 68 of the Complaint, but admits that RFPs and their results are public record and speak for themselves.

69.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 69 of the Complaint, and therefore denies same and demands strict proof thereof.

70.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 70 of the Complaint, and therefore denies same and demands strict proof thereof.

71.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 71 of the Complaint, and therefore denies same and demands strict proof thereof.

72.     Defendant Barth is without information sufficient to form a belief as to the truth

or falsity of the allegations contained in Paragraph 72 of the Complaint, and therefore denies same and demands strict proof thereof.

73.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 73 of the Complaint, and therefore denies same and demands strict proof thereof.

74.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 74 of the Complaint, and therefore denies same and demands strict proof thereof.

75.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 75 of the Complaint, and therefore denies same and demands strict proof thereof.

76.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 76 of the Complaint, and therefore denies same and demands strict proof thereof.

77.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 77 of the Complaint, and therefore denies same and demands strict proof thereof

78.     Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 78 of the Complaint, and therefore denies same and demands strict proof thereof.

79.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 79 of the Complaint, and therefore denies

same and demands strict proof thereof

80.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 80 of the Complaint, and therefore denies same and demands strict proof thereof.

81.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 81 of the Complaint, and therefore denies same and demands strict proof thereof.

82.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 82 of the Complaint, and therefore denies same and demands strict proof thereof.

83.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 83 of the Complaint, and therefore denies same and demands strict proof thereof.

84.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 84 of the Complaint, and therefore denies same and demands strict proof thereof.

85.     Defendant Barth denies the allegations contained in Paragraph 85 of the Complaint, but admits that in December 2018, Paine and Barth called the Senior VP for Programs at ACT and shared concerns that a tweet by Webb was creating misinformation.

86.     Upon information and belief, Defendant Barth admits the allegations contained in Paragraph 86 of the Complaint.

87.     Defendant Barth is without information sufficient to form a belief as to the truth

or falsity of the allegations contained in Paragraph 87 of the Complaint, and therefore denies same and demands strict proof thereof.  Defendant Barth specifically denies any allegation or implication that the December 2018 call in which she was involved was "menacing."

88.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 88 of the Complaint, and therefore denies same and demands strict proof thereof.

89.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 89 of the Complaint, and therefore denies same and demands strict proof thereof.

90.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 90 of the Complaint, and therefore denies same and demands strict proof thereof.  Defendant Barth specifically denies any allegation or implication that the December 2018 call in which she was involved was "threatening."

91.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 91 of the Complaint, and therefore denies same and demands strict proof thereof.

92.     Defendant Barth denies the allegations contained in Paragraph 92 of the Complaint, but admits that on or about February 6, 2019, she and Paine spoke with the Senior VP for Programs at ACT and objected to Plaintiff's lobbying tactics, including some of his activity on Twitter.

93.     Defendant Barth is  without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 93 of the Complaint, and therefore denies

same and demands strict proof thereof.  Defendant Barth specifically denies any allegation or inference that she was unreasonably "upset."

94.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 94 of the Complaint, and therefore denies same and demands strict proof thereof.

95.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 95 of the Complaint, and therefore denies same and demands strict proof thereof.

96.      Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 96 of the Complaint, and therefore denies same and demands strict proof thereof.  Defendant Barth specifically denies any allegation or inference that any call to the Senior VP for Programs at ACT on or about February 6, 2019 in which she was involved was "threatening."

97.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 97 of the Complaint, and therefore denies same and demands strict proof thereof.

98.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 98 of the Complaint, and therefore denies same and demands strict proof thereof.

99.     Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 99 of the Complaint, and therefore denies same and demands strict proof thereof.

100.    Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 100 of the Complaint, and therefore denies same and demands strict proof thereof.

101.    Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 101 of the Complaint, and therefore denies same and demands strict proof thereof.

102.    Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 102 of the Complaint, and therefore denies same and demands strict proof thereof.

103.    Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 103 of the Complaint, and therefore denies same and demands strict proof thereof.

104.    Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 104 of the Complaint, and therefore denies same and demands strict proof thereof, but admits that introduced bills, committee substitutes therefor, and proposed amendments are typically archived as public record and speak for themselves.

105.    Defendant Barth is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 105 of the Complaint, and therefore denies same and demands strict proof thereof, but admits upon information and belief that the Governor vetoed S.B. 624.

## Count I – Section 1983 Retaliation

106.    Defendant Barth restates and incorporates by reference her responses to Paragraphs 1 through 105 of the Complaint.

107.    Paragraph 107 of the Complaint consists of a purported quotation from U.S. Const. amend. I., which speaks for itself and to which no response is required.  To the extent a response is necessary, Defendant Barth denies any allegation or implication of wrongdoing or illegality.

108.    Paragraph 108 of the Complaint consists of purported quotations from Fourth Circuit cases, which speak for themselves and to which no response is required.  To the extent a response is necessary, Defendant Barth denies any allegation or implication of wrongdoing or illegality.

109.    Paragraph 109 of the Complaint consists of a legal conclusion to which no response is required.  To the extent a response is necessary, Defendant Barth denies any allegation or implication of wrongdoing or illegality.

110.    Paragraph 110 of the Complaint consists of a purported quotation from 28 U.S.C. 1983., which speaks for itself and to which no response is required.  To the extent a response is necessary, Defendant Barth denies any allegation or implication of wrongdoing or illegality.

111.    Paragraph 111 of the Complaint consists of a legal conclusion to which no response is required.  To the extent a response is necessary, Defendant Barth denies any allegation or implication of wrongdoing or illegality.

112.    Paragraph 112 of the Complaint consists of a legal conclusion to which no response is required.  To the extent a response is necessary, Defendant Barth denies the allegations contained in Paragraph 112 of the Complaint.

113.    Defendant Barth denies the allegations contained in Paragraph 113 of the Complaint.

114.    Defendant Barth denies the allegations contained in Paragraph 114 of the Complaint.

115.    Defendant Barth denies the allegations contained in Paragraph 115 of the Complaint.

116.    Defendant Barth denies the allegations contained in Paragraph 116 of the Complaint.

117.    Defendant Barth denies the allegations contained in Paragraph 117 of the Complaint.

118.    Defendant Barth denies the allegations contained in Paragraph 118 of the Complaint.

119.    Paragraph 119 of the Complaint consists of a legal conclusion to which no response is required.   To the extent a response is necessary, Defendant Barth denies the allegations contained in Paragraph 119 of the Complaint.

### Count II – Tortious Interference

120.    Defendant Barth restates and incorporates by reference her responses to Paragraphs 1 through 119 of the Complaint.

121.    Paragraph 121 of the Complaint consists of a purported quotation from a U.S District Court for the Northern District of West Virginia case, which speaks for itself and to which no response is required.   To the extent a response is necessary, Defendant Barth denies any allegation or implication of wrongdoing or illegality.

18

122.     Paragraph 122 of the Complaint consists of a purported quotation from the Restatement (Second) of Torts, as well as purported summations of cases from the Supreme Court of Appeals of West Virginia and U.S District Court for the Northern District of West Virginia, all of which speak for themselves and to which no response is required.  To the extent a response is necessary, Defendant Barth denies any allegation or implication of wrongdoing or illegality.

123.     Paragraph 123 of the Complaint consists of a purported quotation from the Restatement (Second) of Torts, which speaks for itself and to which no response is required.  To the extent a response is necessary, Defendant Barth denies any allegation or implication of wrongdoing or illegality.

124.     Paragraph 124 of the Complaint consists of a purported quotation from the Restatement (Second) of Torts, which speaks for itself and to which no response is required.  To the extent a response is necessary, Defendant Barth denies any allegation or implication of wrongdoing or illegality.

125.     Paragraph 125 of the Complaint consists of a purported quotation from the Restatement (Second) of Torts, which speaks for itself and to which no response is required.  To the extent a response is necessary, Defendant Barth denies any allegation or implication of wrongdoing or illegality.

126.     Paragraph 126 of the Complaint consists of a legal conclusion to which no response is required.  To the extent a response is necessary, Defendant Barth denies any allegation or implication of wrongdoing or illegality.

127.     Defendant Barth is without information sufficient to form a belief as to the truth

or falsity of the allegations contained in Paragraph 127 of the Complaint, and therefore denies the same and demands strict proof thereof.

128.    Defendant Barth denies the allegations contained in Paragraph 128 of the Complaint.

129.    Defendant Barth denies the allegations contained in Paragraph 129 of the Complaint.

### Count III – Civil Conspiracy

130.    Paragraph 130 of the Complaint consists of a legal conclusion to which no response is required.  To the extent a response is necessary, Defendant Barth denies any allegation or implication of wrongdoing or illegality.

131.    Paragraph 131 of the Complaint consists of  purported quotations from a Supreme Court of Appeals of West Virginia case, which speaks for itself and to which no response is required.  To the extent a response is necessary, Defendant Barth denies any allegation or implication of wrongdoing or illegality.

132.    Paragraph 132 of the Complaint consists of purported quotations from a Supreme Court of Appeals of West Virginia case, which speaks for itself and to which no response is required.  To the extent a response is necessary, Defendant Barth denies any allegation or implication of wrongdoing or illegality.

133.    Defendant Barth denies the allegations contained in Paragraph 133 of the Complaint.

134.    Defendant Barth denies the allegations contained in Paragraph 134 of the Complaint.

135.    Defendant Barth denies the allegations contained in Paragraph 135 of the Complaint.

136.    Defendant Barth denies the allegations contained in Paragraph 136 of the Complaint.

137.    The remainder of the Complaint consists of a prayer for relief to which no response is required.  To the extent a response is necessary, Defendant Barth denies any allegation or implication of wrongdoing or illegality, and denies that Plaintiff is entitled to any relief whatsoever.

138.    Defendant Barth denies each and every allegation not expressly admitted herein, and denies that the Plaintiff is entitled to the relief sought in the "WHEREFORE" Paragraph at the end of his Complaint.

## THIRD DEFENSE

Plaintiff improperly relies upon the First Amendment.

## FOURTH DEFENSE

Plaintiff's state law claims are barred by *W. Va. Code* § 55-17-3.

## FIFTH DEFENSE

Defendant Barth was privileged and within the scope of her lawful authority in all actions taken by her.

## SIXTH DEFENSE

The conduct of the Plaintiff was the competent, producing cause of his injuries or damages, if any.

## SEVENTH DEFENSE

The conduct of another person or entity was the competent, producing cause of Plaintif's injuries or damages, if any.

## EIGHTH DEFENSE

Defendant Barth is entitled to immunity from any award of damages because she did not cause the deprivation of any clearly established constitutional right or privilege of the Plaintiff.

## NINTH DEFENSE

Defendant Barth raises the affirmative defenses of privilege, immunity, qualified immunity, statute of limitation, and contributory and/or comparative fault.

## TENTH DEFENSE

Defendant Barth acted reasonably and in good faith under the circumstances and is therefore immune from liability.

## ELEVENTH DEFENSE

Defendant Barth was not deliberately indifferent towards Plaintiff and therefore she is immune from Plaintiff's claims.

## TWELFTH DEFENSE

Defendant Barth committed no negligence which proximately caused any injury to Plaintiff.

## THIRTEENTH DEFENSE

Plaintiff's claimed damages and/or losses are not the foreseeable result of any action, inaction, or other conduct by Defendant Barth.

## FOURTEENTH DEFENSE

Plaintiff's damages, if any, are barred or reduced by reason of his failure to take reasonable steps to mitigate them.

### FIFTEENTH DEFENSE

Plaintiff has failed to state a cause of action for which relief can be granted against Defendant Barth for attorney's fees and costs.

### SIXTEENTH DEFENSE

Plaintiff has failed to state a cause of action upon which relief can be granted against Defendant Barth for punitive or exemplary damages.

### SEVENTEENTH DEFENSE

An award of punitive damages would constitute a violation of Defendant Barth's rights to due process under the United States and West Virginia Constitutions.

### EIGHTEENTH DEFENSE

Defendant Barth incorporates by reference each and every affirmative defense available to her under federal and state constitutional, statutory, and common law including, but not limited to, any and all affirmative defenses listed Rules 8 and 12 of the *Federal Rules of Civil Procedure* and any applicable statutes, which discovery might reveal appropriate, and reserves the right to assert additional defenses as Plaintiff's claims are clarified during the course of this litigation.

### NINETEENTH DEFENSE

This Defendant reserves the right to raise and/or assert any and all additional defenses which may arise through further investigation, discovery, and/or litigation.

**WHEREFORE,** This Defendant respectfully requests that the Plaintiff's Complaint be

dismissed with prejudice in all aspects; that this Defendant be awarded his fees and costs incurred in defending against same; and for any other relief deemed fair and just.

Respectfully submitted this 5th day of July, 2019.

**JAN BARTH,**

**By Counsel,**

/s/ Jan L. Fox
Jan L. Fox, Esq. (WVSB #1259)
Mark C. Dean, Esq. (WVSB #12017)
Chase Tower, Seventeenth Floor
707 Virginia Street, East
P.O. Box 1588
Charleston, WV 25326-1588
(304) 353-8000
(304) 353-8180 facsimile
Jan.Fox@Steptoe-Johnson.com
Mark.Dean@Steptoe-Johnson.com
*Counsel for Defendants*

STEPTOE & JOHNSON PLLC
    Of Counsel

004600.02018
8466434

**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

**JASON WEBB,**

        **Plaintiff,**

    **v.**                            **Civil Action No. 2:19-CV-447**
                                            **(Hon. John T. Copenhaver)**

**STEVEN L. PAINE, State Superintendent of Schools,
In his individual capacity and official capacity; and
JAN BARTH, Assistant State Superintendent of Schools,
In her individual capacity and official capacity,**

        **Defendants.**

## CERTIFICATE OF SERVICE

    I hereby certify that on the 5th day of July, 2019, I served a true and correct copy of the foregoing "Answer of Defendant Jan Barth to Plaintiff's Complaint" upon the parties hereto via the Court's CM-ECF system to the following:

                  J. Zak Ritchie, Esq. (W. Va. Bar #11705)
                  Michael B. Hissam (W. Va. Bar #11526)
                  Hissam Forman Donovan Ritchie PLLC
                  P.O. Box 3983
                  Charleston, WV 25339
                  (681) 265-3802
                  (304) 982-8056 facsimile
                  zritchie@hfdrlaw.com
                  mhissam@hfdrlaw.com
                  *Counsel for Plaintiff*

                  */s/ Jan L. Fox*
                  Jan L. Fox, Esq. (WVSB #1259)
                  Mark C. Dean, Esq. (WVSB #12017)
                  STEPTOE & JOHNSON PLLC
                  Chase Tower, Seventeenth Floor
                  P.O. Box 1588
                  Charleston, WV 25326-1588
                  (304) 353-8000
                  (304) 353-8180 facsimile
                  Jan.Fox@Steptoe-Johnson.com
                  Mark.Dean@Steptoe-Johnson.com